IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDUARDO RODRIGUEZ VELEZ,

Defendant.

CRIMINAL NO. 05-140 (DRD)

**ORDER APPROVING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Eduardo Rodríguez-Vélez' ("Defendant") *Motion Regarding Advanced Notice Pursuant To 21 U.S.C. § 851(c)(1) & (2)* (Docket No. 156). This matter was referred to the Magistrate Judge Vélez-Rive and a Report and Recommendation was issued on July 12, 2006 (Docket No. 218). The Magistrate Judge recommended a denial of the Defendant's *Motion Regarding Advanced Notice Pursuant To 21 U.S.C. § 851(c)(1) & (2)* ("Motion"), on the grounds that the motion (a) is premature and legally unsound; and (b) does not fall within § 851 (b)(1)(A). The Magistrate Judge appropriately forewarned the Defendant, under Rule 72(d), that any written objections to the Report and Recommendation must be filed with the Clerk of Court within the next ten (10) days upon receipt of the Report and Recommendation. Further the Defendant was advised that failure to comply with this rule precluded any further appellate review. *Thomas v. Arn*, 474 U.S. 140, 155 (1985). The Defendant filed a timely Objection to Report and Recommendation, on July 13, 2006 (Docket No. 219), but was later withdrawn. *See Minutes*, Docket No. 246.

The Defendant stated that the government verbally informed that enhanced penalties would

be sought under 21 U.S.C. § 851 on the Defendant's prior state convictions for drug offenses. At the time of the Report, the government had not filed a request seeking the penalty enhancements.

On May 19, 2006, the Defendant filed a motion seeking a hearing to contest the nature of the prior criminal record, arguing that it did not fall under the definition of "serious drug offenses" and, as is, it was not adequate for enhancement of sentence if the Defendant is found guilty. The Motion was considered premature due to the circumstance that the government had not filed the request for enhancement and the Defendant had not yet pleaded guilty or been convicted. The petition was based on the need to establish prior state convictions alleging that the convictions were not "serious drug offenses." The provisions for enhanced sentences are established in 21 U.S.C. § 841 (b)(1)(A).[1] This statute, however, refers to "prior convictions for a felony drug offense," as opposed to "serious drug offenses" claimed by the Defendant. Such statute does not relate to the offenses submitted by the Defendant, as opposed to the well known Three Strikes Law under 18 U.S.C. § 3559. *See* United States v. Peralta, 457 F.3d 169 (1st Cir. 2006).

The District Court may examine the judicial record and statute definitions of the crimes of conviction to find if these convictions fit into the very definition of what constitutes a serious violent felony. *See* Shepard v. United States, 544 U.S. 13, 24 (2005).

The Magistrate Judge found the Defendant's request to be premature and legally unsound in regards to the potential sentencing enhancement, at this stage of the proceedings. At the Trial Setting Conference held on August 24, 2006, the Defendant withdrew the Defendant's Objection to Report

[1] 21 U.S.C. § 841(b)(1)(A) provides in its relevant part:

> If any person commits a violation of this subparagraph ... after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release ... .

and Recommendation (Docket No. 246). The Court held that said matter will be decided at sentencing, if the Defendant is found guilty. Thus, the Report and Recommendation stands unopposed, and the Court needs only satisfy itself that there is no plain error on the face of the record in order to accept an unopposed Report and Recommendation. *See* Douglass v United Servs. Auto, Ass'n, 79 F.3d 1415 (5th Cir. 1996); Nogueras-Cartagena v. united States, 172 F. Supp. 2d 296, 305 (D.P.R. 2001); Garcia v. I.N.S., 733 F. Supp. 1554 (M.D.Pa. 1990). The Court has reviewed the Magistrate Judge's Report and Recommendation and finds no plain error.

The Court may very well find that there are crimes related to the instant case that could arise from the evidence at a later stage. The Magistrate Judge recommended that the Defendant's initial motion regarding advanced notice pursuant to 21 U.S.C. § 851(c)(1) & (2), be denied. Defendant waived the objection. The Court agrees. At the sentencing hearing, the Defendant shall have the opportunity to argue prior convictions as to the impact on the sentencing enhancement, provided that the government seeks the same. *See* Unites States v. Cortes- Claudio, 312 F.3d 17, 19 (1st Cir. 2002). At this writing, the entire matter is premature since there is no conviction.

Therefore, further to this Court's ruling of August 24, 2006 (Docket No. 246), and the Court finding no plain error, consequently **ADOPTS** the Report and Recommendation of the Magistrate Judge dated July 12, 2006 (Docket No. 218).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of October, 2006.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE