IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>[3] EDUARDO RODRIGUEZ-VELEZ,<br><br>**Defendant.** | CRIM. NO. 5-140-3 (RAM) |

OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Eduardo Rodriguez-Velez' ("Rodriguez-Velez") *pro se Motion for Sentence Reduction Pursuant to the First Step Act of 2018* ("*Motion*"). (Docket No. 529). For the following reasons, Defendant's *Motion* is **DENIED**.

I. BACKGROUND

On October 19, 2006, a jury convicted Mr. Rodriguez-Velez of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, or "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. (Docket Nos. 280 and 307). Because the United States of America (the "Government") had filed an information pursuant to 21 U.S.C. § 851(a) as to Mr. Rodriguez-Velez' prior felony drug convictions, Defendant was subject to a mandatory minimum sentence of life imprisonment. *See* (Docket Nos. 280 and 442-1 ¶ 31). In the Second Addendum to the Presentence Investigation Report ("PSR"), the Probation Officer

also noted that testimony from the jury trial supported the conclusion that the drug trafficking conspiracy that Mr. Rodriguez-Velez was a member of sold approximately twenty-four kilograms of crack cocaine per year, for a total of ninety-six kilograms of cocaine for the duration of the conspiracy. (Docket No. 442-1 at 19-20). Accordingly, his base offense level was thirty-eight. Id. The PSR also notes that Defendant received a two-level enhancement for a leadership role and had a criminal history category of IV. Id. ¶¶ 19 and 29.

On November 14, 2007, the Honorable Daniel R. Domínguez[1] sentenced the Defendant to a term of life imprisonment[2] and a ten-year term of supervised release. (Docket No. 379). The First Circuit affirmed the conviction and concluded that Mr. Rodriguez-Velez "was fairly tried, justly convicted, and appropriately sentenced." United States v. Rodriguez-Velez, 597 F.3d 32, 46 (1st Cir. 2010), cert. denied, 562 U.S. 865 (2010). On October 6, 2016, the President of the United States commuted Mr. Rodriguez-Velez' sentence to a term of 360 months' imprisonment, "leaving intact

---

[1] The case was transferred to the undersigned on January 9, 2024. (Docket No. 547).

[2] The First Circuit noted in denying Defendant's application for leave to file a second or successive motion under 28 U.S.C. § 2255 that his sentence "was triggered by two prior felony drug convictions in his criminal record." (Docket No. 525 at 1).

Criminal No. 5-140-3 (RAM)                                               3

and in effect . . . the term of supervised release imposed by the court." (Docket No. 526 at 3).

On December 2, 2019, Defendant filed the instant *Motion*. (Docket No. 529). In the *Motion*, he invokes both the Fair Sentencing Act of 2010 ("Fair Sentencing Act") and the First Step Act of 2018 ("First Step Act") and petitions the Court for a reduced sentence. Id. The Court subsequently appointed the Federal Public Defender to represent Mr. Rodriguez-Velez. (Docket No. 530).

On April 27, 2020, the Government filed a *Response in Opposition*, in which it assumed Defendant was eligible for a sentence reduction pursuant to the First Step Act. (Docket No. 531). Nonetheless, the Government urged the Court to deny the *Motion* because it avers that if sentenced today, Mr. Rodriguez-Velez would still face a Guidelines sentencing range of 360 months to life imprisonment due to the amount of crack cocaine he trafficked, an enhancement for a leadership role, and his criminal history. Id. at 4.

Defendant retained counsel, who filed a notice of appearance on April 12, 2021. (Docket No. 531). Through counsel, Mr. Rodriguez-Velez twice supplemented his initial *Motion* and provided briefing regarding rehabilitative steps he has taken while incarcerated. (Docket Nos. 536 and 537). However, Defendant then

Criminal No. 5-140-3 (RAM)                                                   4

sought to terminate his relationship with his attorney, after which the Court once again appointed the Federal Public Defender. (Docket Nos. 539 and 541-44). Finally, on April 22, 2024, after the case was transferred to the undersigned, Defendant renewed his original *pro se Motion* requesting disposition or, in the alternative, leave to file a *Reply*. (Docket No. 548).

## II.  APPLICABLE LAW

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") "raised the crack-cocaine threshold quantities for triggering mandatory-minimum sentences." United States v. Smith, 954 F.3d 446, 447 (1st Cir. 2010) (citing Pub L. No. 111-220, § 2, 124 Stat. 2372, 2372). Section 2 of the Fair Sentencing Act changed the amount of crack cocaine required to trigger a five-year mandatory minimum from 5 grams to 28 grams and the amount required to trigger a ten-year mandatory minimum from 50 grams to 280 grams. United States v. Rodríguez-Rodríguez, 2023 WL 5199392, at *2 (D.P.R. 2023) (citing 124 Stat. at 2372). However, the Fair Sentencing Act did not have retroactive effect. *See* Dorsey v. United States, 567 U.S. 260, 264 (2012).

The First Step Act was enacted in December 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act permits a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing

Act . . . were in effect at the time the covered offense was committed." First Step Act of 2018 § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B) ("[T]he court may modify an imposed term of imprisonment to the extent expressly permitted by statute."). Although the First Step Act mandates that a district court consider intervening changes of law raised by the parties when adjudicating a motion under the act, it "does not compel courts to exercise their discretion to reduce any sentence based on those arguments." Concepcion v. United States, 597 U.S. 481, 487 (2022); *see also* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

In cases involving a sentencing range that has subsequently been lowered, a court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c); *see also* Concepcion, 597 U.S. at 495 (noting that the First Step Act did not contravene the "well-established sentencing practice" of considering the section 3553(a) factors).

### III. DISCUSSION

**A. Eligibility**

A defendant is eligible for a sentence reduction pursuant to section 404 of the First Step Act if his offense of conviction was

modified by section 2 or 3 of the Fair Sentencing Act and if his offense of conviction was committed before August 3, 2010. First Step Act § 404(a). However, a defendant is made ineligible if he has already been sentenced in accordance with section 2 or 3 of the Fair Sentencing Act, or if a previous motion pursuant to the First Step Act has been denied after a complete review on the merits. Id. § 404(c).

A crack cocaine offense that triggers a mandatory minimum penalty is a "covered offense" eligible for a sentence reduction under the First Step Act. Terry v. United States, 593 U.S. 486, 495 (2021). Accordingly, Mr. Rodriguez-Velez' original offense of conviction, which carried a mandatory minimum of ten years' imprisonment before consideration of the prior felony convictions, is a covered offense. *See also* Rodríguez-Rodríguez, 2023 WL 5199392, at *4 (premising eligibility for First Step Act resentencing on the quantity of drugs described in the indictment, guilty plea, or conviction). Following Defendant's trial, the jury returned a verdict finding that he possessed at least fifty grams of cocaine base. (Docket No. 307). Applying the Fair Sentencing Act retroactively to Defendant, the applicable statutory provision would be section 841(b)(1)(B), which imposes a mandatory minimum of five years for offenses involving more than twenty-eight grams

of cocaine base, rather than section 841(b)(1)(A). *See* 21 U.S.C. § 841(b)(1)(B).

Since Defendant now incurs liability under section 841(b)(1)(B) and not section 841(b)(1)(A), the recidivist penalties applicable to him are also different. Subsection (b)(1)(B) imposes on defendants with a prior "felony drug offense"[3] conviction a mandatory minimum of ten years' imprisonment. Accordingly, factoring in the changes wrought by the Fair Sentencing Act and the First Step Act, the mandatory minimum applicable to Mr. Rodriguez-Velez' case would be a term of ten years' imprisonment instead of life.

Furthermore, Defendant avers and the Government does not dispute that the instant *Motion* is his first application under the First Step Act, and he has never been re-sentenced under the Fair Sentencing Act. (Docket No. 529 at 8).

Finally, the Government concedes that the commutation of Mr. Rodriguez-Velez' sentence is irrelevant to First Step Act

---

[3] Pursuant to section 401 of the First Step Act, section 841(b)(1)(B) now imposes recidivist penalties on those who have prior convictions for a "serious drug felony or serious violent felony" rather than a "felony drug offense." 21 U.S.C. § 841(b)(1)(B); *see also* United States v. Ruvalcaba, 26 F.4th 14, 17 (1st Cir. 2022) (discussing amendments); United States v. Pabon-Mandrell, 2023 WL 8866598, at *10 n.7 (D.P.R. 2023) (Ramos-Vega, M.J.) (providing additional analysis and discussion about qualifying prior offenses). However, section 401 does not have retroactive effect, so the Court relies on the term "felony drug offense," as used in the statute at the time of Mr. Rodriguez-Velez' sentencing. *See* United States v. Gonzalez, 949 F.3d 30, 42 (1st Cir. 2020), *cert. denied*, 141 S. Ct. 327 (finding that defendant who was sentenced before the First Step Act took effect was ineligible for relief under section 401).

eligibility. (Docket No. 531 at 4); *see also* United States v. Dodd, 372 F. Supp. 3d 795, 797-98 (S.D. Iowa 2019) (examining commutation's effect on First Step Act eligibility, collecting cases, and concluding that a "grant of clemency does not foreclose relief under the First Step Act").

**B. Section 3553(a) Factors**

Section 3553(a) lays out the factors a court must consider when imposing sentence. These factors include but are not limited to: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to, among other things, "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1)-(2). Having considered these factors, the Court finds that a sentence reduction is not warranted in this case.

First, the nature and circumstances of the offense are serious and weigh against early release. As noted by the First Circuit during its review of Mr. Rodriguez-Velez' conviction, Defendant supplied cocaine to a drug point in Puerto Rico, and an undercover agent testified that he personally observed "sales of approximately 840-1000 grams of crack each week" at that drug

Criminal No. 5-140-3 (RAM)                                                    9

point.[4] Rodriguez-Velez, 597 F.3d at 37. The First Circuit noted this estimate was "conservative." Id. at 39. Another witness testified that he saw the Defendant participate in various transactions involving the purchase of, in total, four kilograms of cocaine, among other drugs. Id. at 37-38. Tellingly, in a recorded conversation, Mr. Rodriguez-Velez "claimed to have started the drug point." Id. at 38.

The Court also considers the information in the PSR. Although Defendant filed objections to the PSR, the sentencing judge continued the sentencing date and ordered certain modifications to the PSR that are reflected in the Second Addendum. *See* (Docket No. 442-1 at 19). Additionally, Mr. Rodriguez-Velez did not appear to challenge the findings in the PSR or the enhancements applied on appeal. *See* Rodriguez-Velez, 597 F.3d at 32. The PSR reflects that Defendant was a supplier of cocaine to the drug point and therefore merited a sentencing enhancement for leadership. (Docket No. 442-1 ¶¶ 4, 9, 12, and 19). Further, the Probation Officer estimated that the drug point sold approximately twenty-four kilograms of crack cocaine per year, and ninety-six kilograms from 2001-2005.[5] Id. at 19-20.

---

[4] Assuming that the drug point sold 840 grams of crack cocaine per week, that amount yields annual sales of 43.68 kilograms of crack cocaine.

[5] The Indictment charges a conspiracy beginning in 1995 up to May 4, 2005, the date of the filing of the Indictment. (Docket No. 2 at 1). However, the Probation

Criminal No. 5-140-3 (RAM)                                                    10

Under the current version of the United States Sentencing Guidelines ("U.S.S.G."), Defendant would have a base offense level of thirty-eight pursuant to U.S.S.G. § 2D1.1(c)(1), because he conspired to possess with intent to distribute over 25.2 kilograms of cocaine base. Id. He would still be subject to a two-level leadership enhancement. U.S.S.G. § 3B1.1(c). Finally, he would have still incurred eight criminal history points, resulting in a criminal history category of IV. *See* U.S.S.G. § 4A1.1. A total offense level of 40 and a criminal history category of IV yield a Guidelines sentencing range of 360 months' to life imprisonment: the same Guidelines range applicable to him when he was sentenced. (Docket No. 442-1 ¶ 32).

Second, Defendant's rehabilitation efforts while incarcerated are commendable. As of December 2021, Mr. Rodriguez-Velez had completed over 1,400 hours of classes in a variety of subjects. (Docket No. 537 ¶ 7). It also appears that he has dedicated a similar amount of time to his job in prison. Id. ¶ 10. These efforts are laudable and favor a reduction. *See* Concepcion, 597 U.S. at 498-400 (approving consideration of post-sentencing rehabilitation in deciding First Step Act motions).

---

Officer may have chosen 2001 as the starting point for this calculation because Defendant was incarcerated on state charges between June 15, 1995 and February 2, 1998. *See* (Docket No. 442-1 at 19).

However, Defendant's pre-incarceration history points in the opposite direction. He participated in a conspiracy that facilitated the operation of a known drug point for almost a decade. Specifically, he supplied cocaine to the drug point when it was running low, and he purchased cocaine when necessary. Finally, he claimed to have started the drug point. Mr. Rodriguez-Velez' position as the founder and supplier of a drug point that trafficked kilogram quantities of crack cocaine each month counsels against a sentence reduction.

Moreover, the instant offense was not his first brush with the law. Prior to his conviction in this case, Mr. Rodriguez-Velez was convicted of illegally possessing a shot gun and twice illegally distributing marijuana. (Docket No. 442-1 ¶¶ 25-28).

<u>Third</u>, Defendant received a commutation that already reduced his sentence to the low end of his Guidelines range. That range has not been changed by the First Step Act. A reduced sentence in this case, which involves the trafficking of large quantities of crack cocaine, would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment. Accordingly, the Court will not exercise its discretion to reduce Mr. Rodriguez-Velez' sentence.

Criminal No. 5-140-3 (RAM)                                                    12

## IV. CONCLUSION

For the foregoing reasons, Defendant's *pro se Motion for Sentence Reduction Pursuant to the First Step Act of 2018* at Docket No. 529 is **DENIED**. Additionally, his *Motion for Leave to File Response/Reply* at Docket No. 548 is **DENIED AS MOOT**, given the issuance of this Opinion and Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of April 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE